HENRY KEECH, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO PEORIA.

Supervisors in the matter of opening a road, when they dismiss an appeal and adjourn, without any intention of further action, cannot resume the subject, unless notice of the time and place of a future meeting is served on the commissioners of highways, and on the three petitioners before served. Without these, the action of the supervisors is void.

When a road is located on a dividing line between townships, the commissioners of the towns must create road districts, and allot the expense, etc., of keeping up the road among the districts, as nearly equal as possible, giving each town an equal number of districts, each road district to be attached to the town in which it lies. Without such an allotment, the road cannot be opened; neither of the towns having power to act.

THIS was an indictment found by the grand jury of Peoria county, presenting that Henry Keech, on 7th of September,

1857, built a fence across a public road running north and south on the east line of township ten north, range seven east of fourth principal meridian, commencing at north-east corner of said township, and terminating in the Princeville and Mt. Hawley road; said fence being on south half of north-east quarter of section twelve, in said township, and south half of north-west quarter of section seven, in township ten north, range eight east of fourth principal meridian.

Also a second count, presenting that said Keech continued the said obstruction from the said 7th September until the finding of said indictment.

A plea of " not guilty " was entered. The cause was tried before POWELL, Judge, and a jury. Jury found a verdict of " guilty."

Defendant entered a motion for a new trial, which was overruled.

The court fined Keech one dollar and costs, and ordered road to be opened by sheriff.

The defendant gave in evidence an original order from the files of the clerk's office of the town of Medina, dated January 25th, 1853, and filed the 26th of January, 1853, signed by Wm. W. Church, supervisor of Jubilee, George J. Stringer, supervisor of Richwoods, and Charles Yocum, supervisor of Milbrook, dismissing the said appeal taken to them for informality in the same.

Defendant then produced *Charles Yocum*, who, being sworn, said, I am one of the persons to whom the said appeal was taken. Was present at meeting of supervisors on 25th of January, when appeal was dismissed. That dismissal was intended as a final termination of the appeal, and supervisors separated with no intention of meeting again. Three or four weeks afterward, Harvey Stillman requested us to meet at his house and take further action. We met and adjourned till the 11th of April, and that day, no one being present to object, laid the road. I was served with notice to attend at said last meeting. Do not know whether any steps were ever taken to open the road.

*Phineas Couch*, being sworn, said, I was town clerk in Medina in 1852; delivered all road papers to my successor. I own eighty acres on this road, in Medina, lying eighty rods on the road, one half mile south of its north end. My fences are on the town line; my east and west fences were built before the road was laid; north and south fence built since. I never had notice to remove my fence; never knew of any person in Medina being so notified. The road has never been open or traveled through; town of Medina has never taken any steps to open it, to my knowledge.

*James Mooney* said : I was highway commissioner of Medina in 1854. Never knew of any allotment of the road between Radnor and Medina. Never knew of the road being traveled through, or any attempt to open it on part of Medina.

*Charles B. Pierce* said : I was highway commissioner of Medina in 1852 and 1853, and signed the order refusing to lay this road. No steps were taken during said years, nor since, to my knowledge, to open said road, or allot the same between Radnor and Medina. There was when the road was made, and still is, two and a half or three miles of fence on said road in Medina. Has never been an open road, and never worked by authorities of Medina.

*Walter Mooney* said : I am town clerk of Medina ; have with me all the records and papers in said clerk's office relating to the road in question. Witness was then required to produce all of said records and papers.

*Phineas R. Wilkinson* said : I am town clerk of Radnor ; and further stated same as last witness, and produced the papers and records belonging in the clerk's office of Radnor.

The People then produced and gave in evidence from the clerk's office of Medina, an order signed by William W. Church, supervisor of Jubilee, and Charles Yocum, supervisor of Milbrook, dated April 11th, 1853, reciting a dismissal of the appeal aforesaid on the 25th of January, 1853, and that upon further deliberation they considered the reasons for said dismissal insufficient, and decided to take further action in the matter. To which evidence defendant objected.

People then produced and gave in evidence from the clerk's office of Radnor, an order dated the 25th of January, 1853, signed by Wm. W. Church, supervisor of Jubilee, George J. Stringer, supervisor of Richwoods, and Charles Yocum, supervisor of Milbrook, dismissing the beforementioned appeal, and also an order deciding to take further action in the matter of the appeal.

People then produced and gave in evidence from the clerk's office of Radnor, a notice dated March 21, 1853, notifying John Jackson and George Harlan, commissioners of highways of Radnor, of the aforesaid meeting of supervisors at the house of Harvey Stillman, on the 11th of April, 1853, to take further action in relation to said appeal, signed by said Stillman, and service accepted by said Jackson and Harlan.

On part of the people, *Harvey Stillman* said : I was present both when supervisors dismissed the appeal and laid the road. Highway commissioners of Radnor were present at the meeting, the 11th of April, 1853. Commissioners of Medina not present ; one person from Medina, Mr. Yates, and several from

Radnor, were present. There were fences on the road when it was laid, and some of them are there yet.

*Yates* being sworn, said: I gave the notices for the meeting of supervisors at which the road was laid; gave notice to each of the commissioners of Medina, but to no other person.

*George Harlan* being sworn, said: I was highway commissioner of Radnor in 1853; had notice of the meeting of supervisors at which the road was laid; commissioners of Radnor were present; do not know that any person from Medina was present.

On part of the defendant, court refused to instruct the jury as follows:

2. Roads laid out on the line of two towns, must be divided into sections by the highway commissioners of the respective towns, and allotted to each of the towns respectively, by sections, and a record of such allotment filed in the town clerk's office of the said towns, as required by sections 238 and 239 of the township organization act. And when the road is so allotted, each town has the right to open and keep in repair the sections allotted to it, and no right to meddle with sections not allotted to it.

3. The allotment mentioned in the foregoing instruction should be made after the road is laid out and with reference to it, and be recorded as the statute provides.

4. The town of Radnor had no right to open or remove fences upon any part of the road in controversy, except such portion of the same as had been allotted to said town to open and keep in repair, according to the statute in such case provided.

Plaintiff assigns for error:

The court permitted improper evidence to go to the jury on the part of the People.

Court erred in refusing proper instructions for defendant.

The court erred in refusing to set aside said verdict.

The court erred in overruling said motion for a new trial.

The court erred in rendering judgment upon said verdict.

Said judgment should have been for the defendant instead of the plaintiff.

H. B. HOPKINS, for Plaintiff in Error.

H. GROVE, and W. BUSHNELL, States Attorney, for the People.

WALKER, J. It is not denied, that the supervisors to whom the appeal was taken, had at their first meeting, jurisdiction to

hear and determine the appeal. But it is urged, that when they met at the proper time, and dismissed the appeal, and adjourned without day, their jurisdiction over the case was ended, and any subsequent action in the case was unauthorized and void. The 9th section, art. 24, chapter, "Counties," (Scates' Comp. 354), provides that every appeal from an order of the commissioners of highways, shall be in writing, addressed to the three supervisors, to whom the appeal is taken, and signed by the party appealing; that it shall state the grounds of the appeal; and that the appeal shall be left with one of the three supervisors, by the person appealing, and that such person shall also leave a notice of the appeal, with each of the other supervisors, to whom the appeal is taken. The tenth section imposes the duty upon the supervisors to whom the appeal is taken, as soon as may be convenient, after the expiration of thirty days from the time of filing the order in the office of the town clerk, to fix upon a time and place to consider the same. The eleventh section requires the person appealing to cause a notice in writing, of the time and place so agreed upon for the hearing of the appeal, to be served upon the commissioners of highways, from whose order the appeal is taken, and also upon at least three of the petitioners for the road, which is required to be served at least eight days before the time set for the hearing; and likewise provides for the manner of serving the notices. The twelfth section provides the mode of trying the appeal, and that they may adjourn from time to time, as it may become necessary. It would seem from these provisions, that the legislature had guarded the rights of the parties in interest with scrupulous care, so as to give them such a notice as would enable them to be heard, before their rights should be affected by the determination of the appeal. And this is so eminently just and reasonable, that it cannot be supposed the legislature could have intended otherwise. It is one of the great fundamental principles of all law, that a party whose rights are to be affected, by judicial determination, or by the action of special tribunals, shall have a notice of the proceeding and an opportunity of being heard. When the commissioners met to determine this appeal, their right to act, depended upon the observance of the preliminary requirements of the statute, one of which was, the service of the notices to the persons designated by the statute. When they made their order dismissing the appeal, and adjourned, without a further intention of again meeting for the consideration of the case, the proceeding was then at an end. They could not at a future time meet, and act on the appeal, unless the time and place of meeting were again agreed upon, and the notices were again served on the commissioners of highways,

and the same three petitioners who were before served.    When they met and acted without the service of such notices, it was precisely as if they had, upon the filing of the appeal, proceeded without agreeing upon a time for the hearing, and without the service of the notices required by the law.    At this second meeting, the persons having a right to such notice were not present, had not received a notice, and were deprived of all right to be heard, and for the want of such notices they were unauthorized to act, and the order then made was inoperative and void.

The twenty-first section of the same article provides, that when a road is located on the line dividing two towns, the commissioners of such towns shall divide it into two or more road districts, in a manner that shall make the labor and expense of opening, working and keeping it in repair through each of the districts, equal, as near as may be, and to allot an equal number of such districts to each town.    The twenty-second section declares that each district shall be considered as wholly belonging to the town to which it shall be allotted, for the purpose of opening and improving the road, and keeping it in repair, and that the commissioners shall cause such highway, and the partition and allotment of the same, to be recorded in the office of the town clerks of each of their respective towns.

Under these provisions, neither of the commissioners of highways, for the town of Medina or Radnor, became invested with power to open or improve any portion of this road, until the allotment required by the statute was made.    It is such allotment that gives the right to the commissioners to act.    It is that division, which gives to each town a portion of the road, and, until that is done, the road, or any portion of it, is not within any district belonging to their town, and is not under their control.    They can have no right to open roads in other towns, or roads not belonging to their own.    No such allotment of this road was ever made, and the town of Radnor consequently had no right to give the notice requiring the opening of this road, nor was the plaintiff in error bound to obey it, nor did he subject himself to a prosecution for refusing to open a road having no existence, or for replacing his fence at the place the road was alleged to have been obstructed.    The court below therefore erred in refusing to give the second, third and fourth instructions asked by defendant below.

The judgment of the court below must therefore be reversed and the cause remanded.

*Judgment reversed.*